UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID E. FIELDS,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil No. 25-cv-01969-JPG<br><br>Criminal No 08-cr-30058-JPG-1 |

### MEMORANDUM AND ORDER

This case comes before the Court on Petitioner David Field's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1).

**I.     BACKGROUND**

On June 9, 2008, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(D)(2) and one count of possession of a cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Petitioner to 120 months in prison and 8 years of supervised release. Petitioner did not appeal his conviction.

Petitioner's first term of supervised release commenced on January 10, 2017. Less than two months later, the United States Probation Office petitioned to revoke his supervised release. At his final revocation hearing, Petitioner admitted to committing the offenses of possession of cannabis with intent to deliver, possession of drug paraphernalia, and speeding. The Court sentenced him to 24 months in prison and 8 years of supervised release. Petitioner did not appeal his revocation.

His second term of supervised release began on November 12, 2019. Over four years later, on May 23, 2024, the United States Probation Office petitioned to revoke his supervised

release. At his final revocation hearing, Petitioner admitted to committing the offense of unlawful possession with intent to deliver cannabis. The Court sentenced him to 36 months in prison and 24 months of supervised release. He did not appeal his revocation. However, a few months later, he filed the pending motion challenging his revocation sentence under 28 U.S.C. § 2255.

In his § 2255 motion, Petitioner raises the following claims:

Ground 1: The revocation of Petitioner's supervised release is "too much" like a criminal punishment without trial under *United States v. Haymond*, 588 U.S. 634 (2019), and violates his Sixth Amendment right to trial by jury.

Ground 2: Petitioner has been sentenced three times for one offense in three separate proceedings, which violates the Double Jeopardy Clause of the Fifth Amendment.

Ground 3: Petitioner's supervised release violates his substantive due process rights because it subjects him to arbitrary and irrational sanctions and restricts fundamental liberties without being narrowly tailored to a compelling government interest.

Ground 4: Since Petitioner served his full term in prison and was not released early, the Court lacks any power to put conditions on his release, and he is entitled to the absolute liberty of the citizen.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that Petitioner is not entitled to relief on Grounds 2 and 4.

## II.  ANALYSIS

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which

results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

    A.  <u>Ground 2 – Double Jeopardy Clause</u>:

Petitioner alleges that the revocation of his supervised release violates the Double Jeopardy Clause of the Fifth Amendment because he has now been sentenced three times for one offense in three separate proceedings. The Court must reject this argument. In *United States v. Wyatt*, the Seventh Circuit stated that "supervised release is a part of the defendant's original sentence . . . and 'it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release.'" 102 F.3d 241, 245 (7th Cir. 1996) (quoting *United States v. Soto-Olivas*, 44 F.3d 788, 790 (7th Cir. 1996)) (internal quotation marks omitted). "Thus, the proper understanding of a revocation of supervised release is simply that by engaging in prohibited conduct (criminal or not) during the term of supervised release, a defendant triggers a condition that permits modification of the terms of his original sentence." *Id.* Since "revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence," revocation does not constitute a second prosecution or punishment. *Id.* As such, the revocation of Petitioner's supervised release does not violate the Double Jeopardy Clause.

    B.  <u>Ground 4 – Lack of Power to Condition Release</u>:

Petitioner argues that supervised release is not parole and may not be treated as such. He

says that the power to issue conditions of release under parole stems from an early grant of release, which is a gift to the individual that he is not entitled to. He alleges that, since he served his full term of imprisonment and was not given any leniency, the Government lacks the power to put any conditions on his release. This argument must be rejected. "[A]t sentencing a district court hands down only one 'sentence,' which can include a term of supervised release." *United States v. Bloch*, 825 F.3d 862, 869 (7th Cir. 2016). In other words, the "terms of supervised release *are* part of the sentence." *United States v. Adkins*, 743 F.3d 176, 192 (7th Cir. 2014). Accordingly, Petitioner's has not served his entire sentence until after he has completed his term of supervised release.

### III.   CONCLUSION

The Court ORDERS the Government to file a response to Grounds 1 and 3 of Petitioner's § 2255 motion within THIRTY DAYS of the entry of this order. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case. Petitioner shall have FOURTEEN DAYS to reply to the Government's response.


**IT IS SO ORDERED.**
**DATED**: **February 13, 2026**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**