UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID E. FIELDS,

       Petitioner,

   v.

UNITED STATES OF AMERICA,

       Respondent.

Civil No. 25-cv-01969-JPG

Criminal No 08-cr-30058-JPG-1

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner David Fields's Motion for Reconsideration (Doc. 7). Petitioner asks the Court to reconsider its Memorandum and Order, entered February 13, 2026, which concluded that he is not entitled to relief on Grounds 2 and 4 of his § 2255 motion. He argues that reconsideration is warranted because the citations the Court used to dismiss the claims "were dicta, and not a proper basis for denial." He contends that *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015) and *United States v. Haymond*, 588 U.S. 634 (2019) are on point and state that supervised release is constitutionally different than parole. He believes that, based on those cases, the Court should reinstate his claims.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances . . . ." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). The decision of whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as where the court has misunderstood a party, where the court has made a decision

outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, there is not a compelling reason for the Court to reconsider its decision. To begin, the Court disagrees with Petitioner's reading of *Thompson* and *Haymond*. *Thompson* focused on the imposition of conditions of supervised release as part of a sentence. 777 F.3d at 372–75. It gave sentencing judges guidance on the explanation that is required to impose the conditions and the specificity that is required for the conditions to be constitutionally permissible. *Id.* at 375–82. The beginning of the decision notes a few differences between supervised release and parole. *Id.* at 372. However, it does not state that the two are constitutionally different. *Id.*

*Haymond* involved a Sixth Amendment challenge to § 3583(k), a supervised release provision applicable only to certain defendants. 588 U.S. at 640. While the plurality in *Haymond* implied that supervised release is constitutionally different than parole, *see id.* at 651–52, it is not the controlling opinion, *see United States v. Carpenter*, 104 F.4th 655, 660 (7th Cir. 2024) (holding that the controlling opinion in *Haymond* is Justice Breyer's concurrence). And five Justices reached the opposite conclusion. *See Haymond*, 588 U.S. at 668 (Alito, J., dissenting) (finding that "[s]upervised release . . . is not fundamentally different" than parole); *id.* at 657–58 (Breyer, J., concurring) (stating that he "agree[s] with much of the dissent, in particular that the role of the judge in a supervised-release proceeding is consistent with traditional parole").

Further, the Court's dismissal of Grounds 2 and 4 is supported by applicable law. In Ground 2, Petitioner argued that the revocation of his supervised release violated the Double

Jeopardy Clause of the Fifth Amendment. This argument is precluded by Seventh Circuit precedent. Revocation of supervised release is neither a punishment for the conduct that triggered the revocation nor an additional punishment for the original offense. *See United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011); *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996). Rather, it is a punishment for a breach of trust. *See United States v. Huusko*, 275 F.3d 600, 603 (7th Cir. 2001). "[W]hen a defendant violates the terms of supervised release, it is the defendant's breach of trust in failing to abide by those terms that is sanctioned." *United States v. Villasenor*, 256 F. App'x 842, 844 (7th Cir. 2007). This breach of trust triggers a condition that permits the sentencing court to *modify* the sentence that it already imposed. *See Wyatt*, 102 F.3d at 245.

In Ground 4, Petitioner argued that the Court had no power to condition his release from prison because he served his full term of imprisonment and was not given any leniency. This argument is precluded by 18 U.S.C. § 3583(a). It states that, "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may include as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment." Accordingly, if a sentencing court decides to impose supervised release, the term of imprisonment and the term of supervised release are part of one single sentence. In such a case, a defendant has not served his entire sentence until after he has completed his term of supervised release. And until a defendant has served his full sentence, he is entitled to only conditional liberty. *See United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015).

For the foregoing reasons, the Court DENIES Petitioner David Fields's Motion for Reconsideration (Doc. 7).

**IT IS SO ORDERED.**
**DATED**: **March 24, 2026**

**J. PHIL GILBERT**
**United States District Judge**

4