UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID E. FIELDS,

    Petitioner,

      v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 25-cv-01969-JPG

Criminal No 08-cr-30058-JPG-1

## MEMORANDUM AND ORDER

This case comes before the Court on Petitioner David Field's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government responded to the motion (Doc. 9). Petitioner did not file a reply to the Government's response, although he was given an opportunity to do so.

## I.    BACKGROUND

In June 2008, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possession of a cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Petitioner to 120 months in prison and 8 years of supervised release.

Petitioner began supervised release in January 2017. A little more than a year later, the Court revoked his supervised release and sentenced him to serve 24 months in prison and 8 years of supervised release. In November 2019, Petitioner again began supervised release. In June 2025, the Court again revoked Petitioner's supervised release and sentenced him to 36 months in prison and 24 months of supervised release. He did not appeal his revocation. However, a few months later, he filed the pending motion challenging his revocation sentence under 28 U.S.C. § 2255.

His § 2255 motion raised four claims for relief. The Court considered the petition pursuant to Rule 4 of the Rules Governing § 2255 Proceedings and determined that Petitioner was not entitled to relief on two of his claims. The following claims remain pending before the Court:

Ground 1:   The revocation of Petitioner's supervised release is "too much" like a criminal punishment without trial under *United States v. Haymond*, 588 U.S. 634 (2019), and violates his Sixth Amendment right to trial by jury.

Ground 3:   Petitioner's supervised release violates his substantive due process rights because it subjects him to arbitrary and irrational sanctions and restricts fundamental liberties without being narrowly tailored to a compelling government interest.

## II.   ANALYSIS

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

The Court finds that Petitioner is not entitled to relief under § 2255 for two reasons. First, he waived the right to collaterally attack his sentence. A defendant may waive his right to collaterally attack his sentence under § 2255. The Court will uphold and enforce a collateral attack waiver unless the plea agreement was involuntary, the sentence exceeded the statutory

2

maximum sentence, or the defendant received ineffective assistance of counsel with negotiating the plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999); *see Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Further, "[t]o bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence *in addition to* waiving his right to a direct appeal." *Keller*, 657 F.3d at 681.

Petitioner's plea agreement contained the following provision:

The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory maximum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives his right to seek a pardon, whether before or after his release from custody.

In this provision of his plea agreement, Petitioner expressly waived his collateral attack rights. This waiver was in addition to his waiver of his right to a direct appeal. Petitioner has not argued that the plea agreement was involuntary, the sentence exceeded the statutory maximum sentence, or that he received ineffective assistance of counsel with negotiating the plea agreement. Accordingly, the Court will uphold and enforce the waiver.

Second, his claims are procedurally defaulted. Generally, a petitioner cannot raise a claim for the first time in a § 2255 motion where he failed to raise it on direct appeal. *White v. United*

*States*, 8 F.4th 547, 554 (7th Cir. 2021). However, a petitioner can overcome procedural default for constitutional claims if he shows both good cause for the default and resulting prejudice, or that he is actually innocent of the crime. *Id.* Here, neither of Petitioner's claims were raised by him on appeal. In addition, he has not alleged good cause and prejudice, or that he is actually innocent. Therefore, he has procedurally defaulted on his two remaining claims.

Since the Court finds that Petitioner has waived the right to collaterally attack his sentence and his claims are procedurally defaulted, it need not reach the merits of his claims. Further, because the motion and the record of the prior proceedings demonstrate that Petitioner is not entitled to relief, an evidentiary hearing is unnecessary.

III.     **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to Petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 580 U.S. 100, 115 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that Petitioner has not made such a showing, and accordingly, declines to issue a certificate of appealability.

IV.    **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner David Field's Motion to Vacate,

Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1), **DECLINES** to issue a

certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED**: **July 2, 2026**

**J. PHIL GILBERT**
**United States District Judge**

5